UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKKI BODDIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SIGNATURE FLIGHT SUPPORT<br>CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-03044-DMR<br><br>**ORDER DENYING MOTION TO STRIKE AND/OR MODIFY CLASS ALLEGATIONS**<br><br>Re: Dkt. No. 16 |

Defendants Signature Flight Support Corporation ("SFSC") and BBA Aviation USA, Inc. ("BBA") move pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D) to strike and/or modify the class allegations in Plaintiff Mikki Boddie's first amended complaint. [Docket No. 16.] This motion is suitable for determination without oral argument. Civil L.R. 7-1(b). For the following reasons, the motion is denied.

## I.　FACTUAL AND PROCEDURAL BACKGROUND

In this putative class action, Plaintiff Mikki Boddie sues her former employers SFSC and BBA alleging numerous wage and hour violations under California law. [*See* Docket No. 14 (First Am. Compl., "FAC") ¶ 3.] Plaintiff asserts the following claims in the FAC: 1) failure to provide required meal periods in violation of California Labor Code sections 226.7 and 512; 2) failure to provide required rest periods in violation of California Labor Code sections 226.7 and 512; 3) failure to pay overtime wages in violation of California Labor Code sections 510 and 1194; 4) failure to pay minimum wages in violation of California Labor Code sections 1194 and 1197; 5) failure to pay wages due upon termination in violation of California Labor Code sections 201, 202, and 203; 6) failure to maintain employment records in violation of California Labor Code section 226; 7) failure to provide accurate wage statements in violation of California Labor Code section

1    226; 8) failure to indemnify employees for necessary expenditures in violation of California Labor

2    Code section 2802; 9) unlawful business practices in violation of California Business &

3    Professions Code section 17200 et seq.; and 10) civil penalties under the California Private

4    Attorneys General Act of 2004 ("PAGA"), California Labor Code sections 2698-2699.5.

Plaintiff seeks to represent a class of "all current and former non-exempt employees of Defendants in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment[.]" FAC ¶ 5.

Plaintiff filed the complaint in state court on April 10, 2019. Defendants removed the action to this court on June 3, 2019 and moved to strike portions of the complaint. [Docket No. 1, 8.] Plaintiff filed an amended complaint on June 24, 2019, mooting Defendants' motion to strike. [*See* Docket No. 15.] Defendants now move pursuant to Rules 12(f) and 23(d)(1)(D) to strike the class allegations in the FAC for failure to satisfy Rule 23 requirements for a class action, including Rule 23(a)(3)'s requirement that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." In the alternative, Defendants ask that the court modify the class definition to exclude certain putative class members.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A matter is "immaterial" when it "has no essential or important relationship to the claim for relief or the defenses being pleaded, while '[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial, and such a motion may be appropriate where it will streamline the ultimate resolution of the action. *Fantasy*, 984 F.2d at 1527–28. "A motion to strike should be granted if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of issues." *Lee v. Hertz Corp.*, 330 F.R.D. 557, 560 (N.D. Cal.

2019) (citing *Fantasy*, 984 F.2d at 1528). "Motions to strike are regarded with disfavor [ ] because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) (quotation omitted). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). "The grounds for a motion to strike must appear on the face of the pleading under attack," and "the Court must view the pleading under attack in the light more favorable to the pleader when ruling upon a motion to strike." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 489 (C.D. Cal. 2014) (citations omitted).

Additionally, Rule 23, which governs class actions, provides that a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D).

## III. DISCUSSION

Defendants argue that the court should strike the class allegations from the FAC or modify the proposed class definition because Plaintiff cannot satisfy Rule 23(a)(3)'s requirement that "the claims or defense of the representative parties [be] typical of the claims or defenses of the class."[1] Defendants assert that the majority of the putative class members Plaintiff seeks to represent are bound by SFSC's Alternative Dispute Resolution ("ADR") program, which includes an agreement to arbitrate the disputes at issue and waives the right to pursue such claims in class proceedings. According to Defendants, Plaintiff opted out of the ADR program. Therefore, they argue, Plaintiff is atypical and unable to represent those putative class members who did not opt out of the ADR program. They also argue that the existence of the arbitration agreements destroy commonality and render Plaintiff an inadequate representative of the putative class. *See* Fed. R. Civ. P.

---

[1] A plaintiff seeking to certify a class must satisfy the requirements of Rule 23(a), which are numerosity, commonality, typicality, and adequacy of representation. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012). The plaintiff must also demonstrate that one of the requirements of Rule 23(b) are met. *See* Fed. R. Civ. P. 23(b).

3

23(a)(2), (4).

Defendants concede that the court is "limited to the face of the complaint in considering a motion to strike." Mot. 2 n.2. Defendants' argument clearly relies on facts regarding SFSC's ADR program, but the FAC is silent as to that program, or any agreement to arbitrate wage and hour claims, or class action waivers. Defendants attempt to cure this problem by asking the court to take judicial notice of two versions of SFSC's ADR program that they contend were in effect during the relevant time period covered by this lawsuit. *See* Mot. 2 n.2. They submit a declaration by a BBA paralegal, Deborah J. Sleeth, to which she attaches the September 2014 and March 2015 versions of SFSC's ADR program. Sleeth Decl., June 10, 2019, ¶¶ 1, 4, Exs. A, B. Sleeth states that "of the 945 individuals whom Defendants identified as working at some point between April 10, 2015, to the present for SFSC in California as an hourly employee, all but 43 of them are subject to and remain bound by an ADR Program which SFSC implemented several years prior to the present lawsuit." *Id*. at ¶ 3. According to Sleeth, both versions of the ADR program require the parties to arbitrate their disputes and contain a class action waiver. *Id*. at ¶ 5.

Defendants ask the court to take judicial notice of the two versions of the ADR program under Federal Rule of Evidence 201(b)(2), which permits the court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Mot. 2 n.2. In support, they cite *Flores v. Swift Transportation Co*., No. CV 14-02900 AB (Ex), 2014 WL 12639088, at *2 n.2 (C.D. Cal. Oct. 3, 2014). *Flores* is readily distinguishable. In that case, the court took judicial notice of certain arbitration agreements in ruling on a motion to compel arbitration, where the plaintiffs did not dispute that they had signed the agreements at issue. *See id*. at *2. Here, in contrast, Plaintiff objects to judicial notice of Defendants' ADR program documents, noting that Defendants have not submitted a single arbitration agreement purportedly signed by a putative class member that they claim should be excluded from the class. Opp'n 7. As Defendants do not explain how the ADR program documents satisfy the requirements of Rule 201(b)(2), their request for judicial notice is denied.

Defendants' motion also relies heavily on Sleeth's statement about how many putative

4

1 class members agreed to arbitrate their claims and waived the right to participate in a class action.
2 However, Defendants offer no authority to support the propriety of considering Sleeth's
3 statements for purposes of determining the merits of this motion. The court declines to consider
4 Sleeth's declaration. *See Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 n.10 (N.D. Cal. 2010)
5 (refusing to consider declaration by defendant's employee when ruling on motion to strike class
6 allegations). In sum, Defendants' motion is based on asserted facts that do not appear on the face
7 of the FAC, and which the court cannot otherwise consider. This is sufficient reason to deny
8 Defendants' motion.

9 The motion also fails on other grounds. Defendants cite numerous cases to support their
10 argument that Plaintiff cannot satisfy Rule 23(a)'s typicality requirement because she is not
11 subject to SFSC's ADR program. *See, e.g.*, *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 Fed. Appx.
12 579 (9th Cir. 2015); *Tan v. GrubHub, Inc.*, No. 15-cv-05128-JSC, 2016 WL 4721439 (N.D. Cal.
13 Jul. 19, 2016); *Tschudy v. J.C. Penney Corp.*, No. 11cv1011 JM (KSC), 2015 WL 8484530 (S.D.
14 Cal. Dec. 9, 2015); *Quinlan v. Macy's Corp. Servs.*, No. CV 12-00737 DDP (JCx), 2013 WL
15 11091572 (C.D. Cal. Aug. 22, 2013). All of these decisions are off-point, for they arise in the
16 context of the denial of a motion for class certification or a motion for decertification. None of
17 them support the striking of class allegations at the pleadings stage. While class allegations may
18 be stricken from the pleadings, *see Kamm v. California City Dev. Co.*, 509 F.2d 205, 212-13 (9th
19 Cir. 1975), numerous courts within this district have determined that "motions to strike class
20 allegations 'are disfavored because a motion for class certification is a more appropriate vehicle
21 for arguments about class propriety.'" *Covillo v. Specialtys Café*, No. C-11-00594 DMR, 2011
22 WL 6748514, at *6 (N.D. Cal. Dec. 22, 2011) (quoting *Hibbs-Rines v. Seagate Tech., LLC*, No.
23 08-5430 SI, 2009 WL 513496, at *3 (N.D. Cal. Mar. 2, 2009) (quotation omitted)); *see also*
24 *Astiana v. Ben & Jerry's Homemade, Inc.*, Nos. C 10-4387 PJH, C 10-4937 PJH, 2011 WL
25 2111796, at *14 (N.D. Cal. May 26, 2011) ("such a motion appears to allow a determination of the
26 suitability of proceeding as a class action without actually considering a motion for class
27 certification."); *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, No. C-13-1803 EMC, 2014 WL
28 1048710, at *3 (N.D. Cal. Mar. 14, 2014) (denying motion to strike class allegations on the

ground that Rule 12(f) is not the proper vehicle to dismiss class allegations).

Moreover, Rule 12(f) permits a court to strike from a pleading only "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (holding district court erred in striking damages claim under Rule 12(f) because "none of the five categories covers the allegations in the pleading sought to be stricken by [defendant].").  Defendants do not explain how the class allegations in the FAC satisfy this standard. *See Ortiz v. Amazon.com LLC*, No. 17-cv-03820-JSW, 2017 WL 11093812, at *2 (N.D. Cal. Oct. 10, 2017) (denying Rule 12(f) motion, finding that "the class allegations are not redundant, immaterial, impertinent, or scandalous.").

Defendants also move to strike and/or modify the class allegations pursuant to Rule 23(d)(1)(D), which provides that a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). While some courts have recognized the authority to "strike class allegations [under Rule 23 and Rule 12(f)] prior to discovery if the complaint demonstrates that a class action cannot be maintained," *Tietsworth*, 720 F. Supp. 2d at 1146, "in general, class allegations are not tested at the pleading stage and are instead scrutinized after a party has filed a motion for class certification." *Yastrab v. Apple Inc.*, No. 5:14-cv-01974-EJD, 2015 WL 1307163, at *8 (N.D. Cal. Mar. 23, 2015) (denying motion to strike class allegations under Rule 23 as premature). "Courts that have stricken class allegations at the pleading stage . . . have only done so in rare occasions where the class definition is obviously defective in some way." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1221 (N.D. Cal. 2014). *See, e.g.*, *Tietsworth*, 720 F. Supp. 2d at 1146-47 (granting motion to strike class allegations where proposed class was not ascertainable and granting leave to amend); *Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011) (granting Rule 23(d)(1)(D) motion to strike with leave to amend where "proposed class includes many members who have not been injured"). As one court noted, "the 'rigorous analysis' contemplated by the Supreme Court's recent class certification rulings requires discovery and development of the record." *Perkins*, 53 F. Supp. 3d at 1221. *See also Roberts v. Wyndham Int'l, Inc.*, Nos. 12-CV-5180-PSG, 12-CV-5083-PSG, 2012

WL 6001459, at *3 (N.D. Cal. Nov. 30, 2012) ("Rule 23(d)(1)(D) motions should be granted only when the complaint has obvious defects that cannot be cured through class discovery and the class certification process." (citing *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007)).

Here, Defendants have not answered the FAC, discovery has not yet commenced, and no motion for class certification has been filed. Discovery is integral to developing the "shape and form of a class action." *In re Wal-Mart*, 505 F. Supp. 2d at 615 (quotation omitted). It is premature to determine whether class treatment is appropriate here. Accordingly, Defendants' motion to strike and/or modify the class allegations is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to strike and/or modify the class allegations in the FAC is denied.

**IT IS SO ORDERED.**

Dated: August 5, 2019



Donna M. Ryu
United States Magistrate Judge

7