1   **MATERN LAW GROUP, PC**
    Matthew J. Matern (SBN 159798)
2   mmatern@maternlawgroup.com
    Mikael H. Stahle (SBN 182599)
3   mstahle@maternlawgroup.com
    1230 Rosecrans Avenue, Suite 200
4   Manhattan Beach, California  90266
    Telephone: (310) 531-1900
5   Facsimile:  (310) 531-1901

6   Attorneys for Plaintiff MIKKI
    BODDIE, individually and on
7   behalf of all others similarly situated

8

                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10

11  MIKKI BODDIE, individually, and          Case No. 4:19-cv-03044-DMR
    on behalf of others similarly situated,
12                                            **PLAINTIFF'S NOTICE OF MOTION**
                         Plaintiff,           **AND MOTION TO APPROVE**
13                                            **REPRESENTATIVE ACTION**
                v.                            **SETTLEMENT; MEMORANDUM**
14                                            **OF POINTS AND AUTHORITIES**
    SIGNATURE FLIGHT SUPPORT
15  CORPORATION, a Delaware                   Date:       January 14, 2021
    corporation; BBA AVIATION USA,            Time:       1:00 p.m.
16  INC.; a Delaware corporation; and         Judge:      Hon. Donna M. Ryu
    DOES 1 through 50, inclusive,             Courtroom:  4
17
                         Defendants.          *[Filed and served concurrently with*
18                                            *Declaration of Matthew J. Matern;*
                                              *[Proposed] Order]*
19

20                                            Action Filed:   April 10, 2019
                                              Removal Date:   June 3, 2019
21                                            Trial Date:     None Set

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

1

MOTION TO APPROVE REPRESENTATIVE
ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 14, 2021 at 1:00 p.m. or as soon thereafter as the matter can be heard in Courtroom 4 of the United States District Court for the Northern District of California located at 1301 Clay Street, Oakland, California, Plaintiff Mikki Boddie, individually and on behalf of all others similarly situated will, and hereby does, move the Court for entry of an order approving the Stipulated Settlement Agreement and Release of Claims ("Stipulation") pursuant to the California Labor Code Private Attorneys General Act of 2004, entered into by and between Plaintiff and Defendants.

The motion is made pursuant to California Labor Code section 2699(l)(2) and is based on the ground that the proposed Settlement provides a recovery to the State of California and the Aggrieved Employees that is genuine and meaningful and fulfills PAGA's underlying purpose to benefit the public.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities and Declaration of Matthew J. Matern, the attached exhibits, the complete files and records in this action, and any other evidence or oral argument that may be presented at the time of the hearing.

DATED: November 20, 2020          **MATERN LAW GROUP, PC**

By:    */s/ Mikael H. Stahle*
MATTHEW J. MATERN
MIKAEL H. STAHLE
Attorneys for Plaintiff MIKKI BODDIE,
individually and on behalf of all others
similarly situated

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

2

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

1

# **TABLE OF CONTENTS**

I.        INTRODUCTION .................................................................. 1

II.       STATEMENT OF FACTS ..................................................... 2

III.      INVESTIGATION AND DISCOVERY ................................ 3

IV.       MEDIATION ......................................................................... 3

V.        SUMMARY OF SETTLEMENT TERMS ............................ 4

      A.   The Aggrieved Employees ............................................... 4

      B.   Settlement Terms ............................................................. 4

IV.       ARGUMENT .......................................................................... 7

      A.   The PAGA Penalties Secured By The Settlement Are Genuine And Meaningful And Fulfill PAGA's Underlying Purpose To Benefit The Public. ........................................................................... 7

      B.   The Settlement Is Reasonable Given The Risks Of Further Litigation. ...................................................................... 10

      C.   PAGA Counsel's Requested Fees And Costs Are Reasonable. ...... 11

      D.   Dismissal of the Class Claims Is Non-Collusive And Notice To The Absent Class Members is Unnecessary. ......................................... 17

V.        CONCLUSION .................................................................... 19

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

i

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATIVE ACTION
SETTLEMENT

1

**<u>TABLE OF AUTHORITIES</u>**

2

**Page(s)**

3

<u>Federal Cases</u>

4

*Am. Pipe & Const. Co. v. Utah,*
5
    414 U.S. 538 (1974)..............................................................................18

6
*Baumann v. Chase Inv. Servs. Corp.,*
    747 F.3d 1117 (9th Cir. 2014)................................................................ 9

7
*Boeing v. Van Gemert,*
8
    (1980) 444 U.S. 472..............................................................................12

9
*China Agritech, Inc. v. Resh,*
    138 S. Ct. 1800, 201 L. Ed. 2d 123 (2018) ..........................................18

10
*Diaz v. Trust Territory of Pacific Islands,*
11
    876 F.2d 1401 (9th Cir. 1989)...............................................................17

12
*Jordan v. Multnomah County,*
    815 F.2d 1258, fn. 8 (9th Cir. 1987) .....................................................14

13
*McKenzie v. Federal Exp. Corp.,*
14
    765 F. Supp. 2d 1222 (C.D. Cal. 2011) ................................................. 9

15
*De La Lanza, Florina vs. Interconnect Solutions Company, LLC.v. City of
    Sacramento,*
16
    534 F.3d 1106 (9th Cir. 2008)...............................................................14

17
*O'Connor v. Uber Techs., Inc.,*
    201 F. Supp. 3d 1110 (N.D. Cal. 2016) ................................................. 8

18
*Parkinson v. Hyundai Motor America,*
19
    796 F.Supp.2d 1160 (C.D. Cal. 2010) ..................................................16

20
*Rodriguez v. Nationwide Mut. Ins. Co.,*
    No. 816CV02217JLSDFM, 2017 WL 7803796
21
    (C.D. Cal. Nov. 16, 2017) ..............................................................17, 19

22
*Sakkab v. Luxottica Retail North America, Inc.,*
23
    803 F.3d 425 (9th Cir. 2015).................................................................. 8

24
*Salazar v. Sysco Central Cal., Inc.,*
    2017 WL 1135801 (E.D. Cal. Feb. 2, 2017)......................................... 7

25
*Vargas v. Cent. Freight Lines, Inc.,*
26
    No. 16-CV-00507-JLB, 2017 WL 4271893
    (S.D. Cal. Sept. 25, 2017) .........................................................17, 18, 19

27
*Vizcaino v. Microsoft Corp.,*
28
    648 F.3d 1043 (9th Cir. 2002) ...............................................................13

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

ii

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

<u>State Cases</u>

*Cabrera v Advantage Sale & Marketing, LLC* (Cal.Super. Mar. 12, 2013)
No. BC485259,
2013 WL 1182822 (average PAGA penalties of $3.33) .....................................14

*Chavez v. Saticoy Lemon Ass'n,*
Case No. 56-2015-00468600-CU-OE-VTA, 2015 WL 5561118 ......................12

*Consumer Privacy Cases,*
175 Cal.App.4th 545, fn.13 (2009).............................................................12, 13

*Gouskos v. Aptos Village Garage, Inc.*,
94 Cal.App.4th 754 (2001) ..........................................................................11

*Graciano v. Robinson Ford Sales, Inc.*,
144 Cal.App.4th 140 (2006)...........................................................................11

*Hernandez Restoration Hardware, Inc.*,
4 Cal.5th 260, fn. 4 (2018) ............................................................................14

*Iskanian v. CLS Transp. Los Angeles, LLC*,
59 Cal.4th 348 (2014) .........................................................................8, 9, 11

*Ketchum v. Moses,*
24 Cal.4th 1122 (2001) ................................................................................13

*Krumme v. Mercury Ins. Co.*,
123 Cal.App.4th 924 (2004).........................................................................13

*Laffitte v. Robert Half Int'l,*
1 Cal.5th 480 (2016) ...............................................................................13, 15

*Martino v. Denevi,*
182 Cal.App.3d 553 (1986) ..........................................................................15

*MBNA American Bank, N.A. v. Gorman,*
147 Cal.App.4th 1 (2006)..............................................................................16

*Naranjo v. Spectrum Security Services, Inc.*,
40 Cal.App.5th 444 (2019)......................................................................10, 11

*New Cingular Wireless PCS, LLC v. Pub. Utilities Comm'n,*
246 Cal.App.4th 784 (2016)..........................................................................8

*Penaloza v PPG Industries Inc.* (Cal.Super. May 20, 2013) No. BC471369,
2013 WL 2917624 (average PAGA penalties of $7.49) ...................................14

*PLCM Group, Inc. v. Drexler,*
22 Cal.4th 1084 (2000) .................................................................................16

*Wershba v. Apple Computer, Inc.*,
91 Cal.App.4th 224 (2001)......................................................................13, 15

*ZB, N.A. v. Superior Court,*

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

iii

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

1

8 Cal.5th 175 (2019) ...............................................................................9, 10

2

<u>Federal Statutes</u>

3

28 U.S.C. section 1441(b) .......................................................................... 2

4

<u>State Statutes</u>

5

Cal. Lab. Code, § 2699(e)(2).......................................................................11

6

Cal. Lab. Code, § 2699(g)(1 ) ..................................................................... 9

7

Cal. Lab. Code,  2699(g)(1) .......................................................................11

8

Cal. Lab. Code, 2699(i)..........................................................................5, 8

9

Cal. Lab. Code, 2699(l)(2) ......................................................................2, 1, 7

10

<u>Federal Rules</u>

11

Fed. R. Civ. P. 41(a)(1)(B)........................................................................18

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

California Labor Code section 2699(l)(2) requires that the trial court review and approve any settlement of a civil action filed pursuant to the California Private Attorneys General Act of 2004 ("PAGA").

Pursuant to PAGA, Plaintiff Mikki Boddie ("Plaintiff"), individually and on behalf of approximately 648 non-exempt Aggrieved Employees of Defendants Signature Flight Support LLC, formerly known as Signature Flight Support Corporation, and Signature Aviation USA, LLC, formerly known as BBA Aviation USA, Inc. (collectively "Defendants"), seeks approval of a **$560,000.00** non-reversionary settlement with Defendants.[1]

The proposed Settlement covers all current and former hourly employees of Signature Flight Support LLC, formerly known as Signature Flight Support Corporation, who were employed from January 31, 2018 to the date the Court approves this settlement, or June 13, 2020, whichever is earlier.

The Joint Stipulation and Settlement Agreement ("Stipulation")[2] results in a payment of $260,319.57 in PAGA penalties to California's Labor and Workforce Development Agency ("LWDA").  Additionally, the Settlement provides for injunctive relief, requiring Defendants to distribute and post a modified rest break policy in the workplace. The penalties are genuine and meaningful and fulfill PAGA's underlying purpose to benefit the public.

The Settlement allocates up to $5,000.00 for administration costs, attorneys' fees not to exceed $186,666.67 (one-third of the maximum settlement amount) and reimbursement of litigation expenses not to exceed $16,000.00.  Plaintiff is dismissing the putative class claims *without prejudice* because the vast majority of

---

[1]    Plaintiff and Defendant will be referred to as "the Parties."

[2]    The Stipulation is attached as Exhibit 1 ("Ex.1") to the Declaration of Matthew J. Matern ("Matern Decl.").

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

1

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATIVE ACTION
SETTLEMENT

1   Class Members, 902 out of 945 (95.5 percent) signed arbitration agreements

2   containing a class action waiver. Plaintiff has negotiated a separate settlement of

3   $20,000.00 for her individual class claims.

4       Based on the above facts, it is requested that the Court approve the

5   Settlement.

6   **II.    STATEMENT OF FACTS**

7       Plaintiff is an hourly, non-exempt employee of Defendants, working as a

8   Customer Service Agent at Defendants' facility in San Francisco, California since

9   August 2012.  (Matern Decl. ¶4.)   Defendants operate executive terminals for

10  private airplanes.  (*Id.* ¶5.)

11      On April 10, 2019, Plaintiff commenced this putative wage and hour class

12  and representative action against Defendants in the San Francisco County Superior

13  Court, alleging Defendants' violation of California's labor laws regarding meal and

14  rest breaks, minimum and overtime wages, waiting time penalties, wage statements,

15  maintaining required records, indemnifying employees for necessary business

16  expenses, for unlawful business practices and seeking penalties under PAGA.  (Dkt.

17  1-1, Ex. A.)  Plaintiff's Complaint was submitted to the LWDA on April 15, 2019.

18  (Matern Decl. ¶41; Ex. 2.)  On January 31, 2019, Plaintiff submitted her PAGA

19  notice to the LWDA and served it on Defendants.  (Dkt. 1-1, Ex. F; Matern Decl.

20  ¶41; Ex. 2.)

21      On June 3, 2019, Defendants removed the case to the United States District

22  Court for the Northern District of California based on diversity of citizenship under

23  28 U.S.C. section 1441(b). (Dkt. 1.)  On June 10, 2019, Defendants moved to strike

24  and/or modify Plaintiff's class allegations ("Motion to Strike"). (Dkt. 8.)  Plaintiff

25  filed a First Amended Complaint on June 24, 2019, which modified the

26  jurisdictional allegations.  (Dkt. 14.)  On June 25, 2019, the Court denied

27  Defendants' Motion to Strike as moot.  (Dkt. 15.)  On June 27, 2019, Defendants

28  renewed their Motion to Strike.  (Dkt. 16.)  On August 5, 2019, the Court denied

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

2

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

1    Defendants' Motion to Strike on the merits. (Dkt. 21.) Defendants filed their

2    Answer to the First Amended Complaint on August 19, 2019. (Dkt. 25.)

3    ## III.    INVESTIGATION AND DISCOVERY

4            Plaintiff retained Matern Law Group ("PAGA Counsel" or "MLG") in

5    December 11, 2018. (Matern Decl. ¶6.) Upon being retained, MLG interviewed

6    Plaintiff at length, investigated and researched Plaintiff's claims and Defendants'

7    anticipated defenses. (Matern Decl. ¶9.) Plaintiff furnished MLG with relevant

8    information and documents which MLG reviewed and analyzed. (*Ibid.*)

9            Plaintiff propounded written discovery on both Defendants, including 27

10   special interrogatories and 22 categories of documents. (Matern Decl. ¶10.)

11   Plaintiff also served Defendants with notice of a Person Most Knowledgeable

12   deposition which included a notice to produce documents at deposition. (*Ibid.*)

13   Defendants responded to the discovery and produced a large volume of documents

14   to Plaintiff, including policy documents, a sampling of time and payroll data, and

15   other documents related to the Aggrieved Employees' employment with

16   Defendants, which Plaintiff reviewed and analyzed. (*Ibid.*) Based on this

17   investigation and discovery, MLG was able to act intelligently and effectively in

18   negotiating the proposed Settlement. (*Ibid.*)

19   ## IV.    MEDIATION

20           Prior to the mediation, Plaintiff retained an expert statistician who reviewed

21   and analyzed Defendants' time and payroll records and prepared an analysis of this

22   information, which was instrumental in creating a damages model for the

23   mediation. (Matern Decl. ¶11.)

24           On April 6, 2020, the Parties held an all-day mediation with mediator Steve

25   Serratore, Esq. (Matern Decl. ¶12.) Although the mediation did not settle at that

26   time, the Parties continued to engage in settlement discussions and the case was

27   resolved a few days later. (*Ibid.*) The basic terms of the Parties' Stipulation were

28   outlined in a "Memorandum of Understanding" fully executed on May 7, 2020,

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

3

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

1    subject to a long-form agreement. (*Ibid.*)  The Stipulation was fully executed on

2    November 10, 2020 and submitted to the LWDA on November 10, 2020.  (*Ibid.*;

3    Ex. 1.)

4        The mediation was conducted at arm's length, and although the

5    negotiations were conducted in a professional manner, they were adversarial.

6    (Matern Decl. ¶13.)  The Parties went into mediation willing to explore the

7    potential for a settlement of the dispute, but each side was also prepared to litigate

8    its position through trial and appeal if a settlement had not been reached.  (*Ibid.*)

9    The Settlement is the result of an informed and detailed analysis of Defendants'

10   potential liability of total exposure in relation to the costs and risks associated with

11   continued litigation. (*Id.* ¶14.)  Based on MLG's pre-litigation investigation,

12   discovery and expert analysis, MLG was able to act intelligently and effectively in

13   negotiating the proposed Settlement.  (*Ibid.*)

14   **V.    SUMMARY OF SETTLEMENT TERMS**

15       **A.    The Aggrieved Employees**

16       The Aggrieved Employees covered by the Stipulation are all current and

17   former hourly employees of Signature Flight Support LLC, formerly known as

18   Signature Flight Support Corporation[3] who were employed from January 31, 2018

19   to the date the Court approves this settlement, or June 13, 2020, whichever is earlier

20   ("PAGA Period").  (Ex. 1, ¶2.)  Based on information provided by Defendants'

21   counsel there are approximately 648 Aggrieved Employees.  (Matern Decl. ¶5.)

22       **B.    Settlement Terms**

23       The Settlement provides for a non-reversionary Maximum Settlement

24   Amount ("MSA") of **$560,000.00** to be paid by Defendants. (Ex. 1, ¶11.)  The

25   MSA shall be allocated as follows:

26   _____

27   [3]    According to Defendants' discovery responses, Signature Aviation USA,
     LLC, formerly known as BBA Aviation USA, Inc. does not employ anyone

28   in California.  (Matern Decl. ¶5.)

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

4

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

1.    **Settlement Administrator and Costs**. The Settlement Administrator will be CPT Group, Inc.  ("CPT")  (*Id.* ¶37.)  The costs of administering the Settlement, shall not exceed $5,000.00. (*Id.* ¶¶12.)  CPT's costs are substantially less - $4,250.00. (Matern Decl. ¶42.)

2.    **PAGA Counsel's Fees and Costs.**  An award of attorneys' fees to PAGA Counsel in an amount up to one-third of the MSA ($186,666.67), plus reimbursement of no more than $16,000.00 in litigation costs incurred in prosecuting the action.  (*Id.* ¶¶12, 28a.) Those costs are $15,323.90, including anticipated future costs. (Matern Decl. ¶40.)

3.    **Net Settlement Amount.**  The amount of the MSA which remains after deducting the Settlement Administration Costs and PAGA Counsel's Fees and Costs will be designated as the Net Settlement Amount. (Ex. 1, ¶12.)  If the court approves those allocations, the total amount of the PAGA Penalties is $353,759.43. Pursuant to California Labor Code section 2699(i), 75% ($265,319.57) of the PAGA penalties will be paid to the LWDA, and the remaining 25% ($88,439.86) of the PAGA Penalties will be paid to the Aggrieved Employees on a *pro rata* basis using their respective number of pay periods worked during the PAGA Period, resulting in an average payment of $136.48. (Ex. 1, ¶29; Matern Decl. ¶15.)

4.    **Settlement Administration.** Within ten (10) business days after the Effective Date (defined in the Stipulation), and subject to a mutually-agreeable protective order, Defendants will provide CPT with information about the Aggrieved Employees including their full names, last known mailing addresses, last known telephone numbers, the sum total of their pay periods worked during the PAGA Period, and Social Security numbers.  (Ex. 1, ¶38.)  CPT will perform a search on the National Change of Address database to obtain updated addresses for the Aggrieved Employees. (*Ibid.*)

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

5

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

Within ten (10) business days of receiving the Aggrieved Employees information from Defendants, CPT will provide the Parties' counsel with a spreadsheet containing the Individual Settlement Payments to each aggrieved employee and the data used to calculate said payments, and will obtain counsel's approval before mailing the Individual PAGA Payments. (*Id.* ¶39.) Within two (2) business days of receiving the Parties' counsel's approval of the payment calculations, CPT shall mail copies of the explanatory letter (attached to the Stipulation as Exhibit A), which has been mutually approved by the Parties, along with the Individual PAGA Payments to all Aggrieved Employees via regular First-Class U.S. Mail. (*Id.* ¶40.)

5.    **Undeliverable and Uncashed Checks.** The checks will remain negotiable for 180 days. (*Id.* ¶¶41, 44.) Any checks returned as undeliverable on or before the 180 day deadline will be re-mailed to the Aggrieved Employees at a new address if a forwarding address is provided or if CPT locates a new address after conducting a skip-trace or other search. (*Id.* ¶43.) Funds represented by checks returned as undeliverable after a re-mailing, and funds represented by checks remaining un-cashed for more than 180 days after issuance, will be tendered to the California State Controller – California Unclaimed Property Fund in the names of the Aggrieved Employees to whom the checks were issued. (*Id.* ¶44.)

6.    **Releases.** All Aggrieved Employees will release any and all PAGA Released Claims against Defendants that arose during the PAGA Period. (*Id.* ¶32.) "PAGA Released Claims" are defined as any and all claims under PAGA that are pled in Plaintiff's First Amended Complaint, or which are pled in Plaintiff's written notice to the LWDA, or which could have been pled under the PAGA based on the factual allegations in Plaintiff's First Amended Complaint that arose during the PAGA Period, including any allegations concerning unpaid wages arising from Defendants' use of improper rounding or grace period timekeeping policies. (*Id.* ¶15.)

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

6

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

7.    **Injunctive Relief.**  Defendants have agreed to modify their rest break policy and post the modified policy in the workplace to remind employees of their right to take rest breaks and the timing of those breaks.  (*Id.* ¶31; Matern Decl. ¶15.)  This provision was a key settlement term which Plaintiff vigorously negotiated.  (Matern Decl. ¶15.)

8.    **Dismissal of Class Claims and Judgment.**  PAGA Counsel shall dismiss all Class Claims without prejudice. (*Id.* ¶36; Matern Decl. ¶15.)  The dismissal is grounded on the fact that 902 out of 945 (95.5 percent) putative Class Members signed arbitration agreements containing a class action waiver.  (Matern Decl. 15.)  PAGA Counsel will submit any judgment rendered in the action and approving this Settlement to the LWDA.  (Ex. 1, ¶36.)

9.    **Settlement of Plaintiff's Individual Class Claims.** Separate and apart from the Settlement of Plaintiff's PAGA claim, Plaintiff has negotiated a settlement of her individual class claims for $20,000.00 with a dismissal with prejudice of those claims.  (Ex. 1, ¶36; Matern Decl. ¶15.)

## IV.    ARGUMENT

### A.    The PAGA Penalties Secured By The Settlement Are Genuine And Meaningful And Fulfill PAGA's Underlying Purpose To Benefit The Public.

The PAGA statute specifically provides that "[t]he superior court shall review and approve any settlement of any civil action filed pursuant to this part." Lab. Code, § 2699(l)(2). The statute, however, does not require a two-step process or otherwise mimic the class action approval requirements when the parties reach a settlement only as to PAGA civil penalties.  *Salazar v. Sysco Central Cal., Inc.* 2017 WL 1135801, *2 (E.D. Cal. Feb. 2, 2017) (rejecting the application of class action settlement rules and procedures for PAGA settlement approval).

In the absence of an explicit statutory requirement, the LWDA has provided guidance, explaining that courts should evaluate settlements of PAGA claims based

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

7

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

on whether "'the relief provided for under the PAGA [is] genuine and meaningful, consistent with the underlying purpose of the statute to benefit the public." *O'Connor v. Uber Techs., Inc.,* 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016). Courts defer to the agency's interpretation of a statute where authority has been delegated to that agency. *New Cingular Wireless PCS, LLC v. Pub. Utilities Comm'n,* 246 Cal.App.4th 784, 807 (2016). When evaluating a PAGA settlement, the court should analyze whether the amount of civil penalties obtained is "genuine and meaningful" in light of the PAGA's statutory purpose.

The California Legislature enacted PAGA to "augment the limited enforcement capability of the [LWDA] by empowering employees to enforce the Labor Code as representatives of the Agency." *Iskanian v. CLS Transp. Los Angeles, LLC,* 59 Cal.4th 348, 383 (2014). This statute authorizes an employee to bring an action for "civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees." *Id.* at 360. An action under PAGA to recover civil penalties "is essentially a law enforcement action designed to protect the public and not benefit private parties." *Id.* at 381. Fundamentally, "a PAGA action is a statutory action in which the penalties available are measured by the number of Labor Code violations committed by the employer." *Sakkab v. Luxottica Retail North America, Inc.,* 803 F.3d 425, 435 (9th Cir. 2015). "As the state's proxy, an employee-plaintiff may obtain civil penalties for violations committed against absent employees [citation], just as the state could if it brought an enforcement action directly." *Id.* at 435.

Under the general provisions of the PAGA scheme, 75% of the civil penalties recovered go to the State, while the remaining amount is given to the Aggrieved Employees. Cal. Lab. Code, § 2699(i). The PAGA action is one of the "primary mechanisms for enforcing the Labor Code." *Iskanian,* 59 Cal.4th at 383. As the State's proxy or agent, "the employee plaintiff represents the same legal right and

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

8

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

interest as state labor law enforcement agencies- namely, recovery of civil penalties that otherwise would have been assessed by and collected by the [LWDA]." *Id.*

"[A]n aggrieved employee's action under [PAGA] functions as a substitute for an action brought by the government itself." *Id.* The goal of PAGA is to impose civil penalties for Labor Code violations "significant enough to deter violations." *Id.* at 379.

Thus, a PAGA action is "fundamentally different from a class action." *Baumann v. Chase Inv. Servs. Corp.,* 747 F.3d 1117, 1123 (9th Cir. 2014) ("These differences stem from the central nature of PAGA. PAGA plaintiffs are private attorneys general who, stepping into the shoes of the LWDA, bring claims on behalf of the state agency."). The PAGA statute expressly distinguishes and preserves the right of employees to separately (or concurrently) pursue their own causes of action against their employers and to recover other available federal and state remedies. Cal. Lab. Code, § 2699(g)(l); *see Baumann,* 747 F.3d at 1123 (explaining the differences between the finality in class action judgments and the limited res judicata effect of PAGA judgments).

"Unlike a class action seeking damages or injunctive relief for injured employees, the purpose of PAGA is to incentivize private parties to recover civil penalties for the government that otherwise may not have been assessed and collected by overburdened state enforcement agencies." *McKenzie v. Federal Exp. Corp.,* 765 F. Supp. 2d 1222, 1233 (C.D. Cal. 2011). PAGA penalties do not seek damages that are compensatory in nature. *ZB, N.A. v. Superior Court,* 8 Cal.5th 175, 188 (2019).

Here, the Settlement penalizes Defendants for their violation of California's labor laws, provides a substantial benefit of $560,000.00 to the State and also provides relief to the Aggrieved Employees that is genuine and meaningful, consistent with the underlying purpose of the statute to benefit the public. Lastly, the MSA is significant enough to deter Defendants from future violations.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

9

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

Accordingly, the Settlement fulfills the underlying purpose of the statute and confers a substantial benefit on the public.

### B.    The Settlement Is Reasonable Given The Risks Of Further Litigation.

In assessing whether the amount in civil penalties is genuine and meaningful, the Court may balance the amount in penalties with the risks of further litigation. Here, Plaintiff obtained a meaningful amount in civil penalties despite facing significant challenges had the litigation continued.  Plaintiff has calculated the maximum potential penalties to be approximately **$4,969,791**. (Matern Decl. ¶16.)

While Plaintiff is confident in the merits of the PAGA action, a legitimate controversy exists as to each predicate Labor Code violation.  (*Id.* ¶17.)  For example, Plaintiff contends that the Aggrieved Employees were subjected to, inter alia, unlawful meal and rest break policies, were not paid meal and rest break premiums despite those violations, were subject to unlawful wage rounding practices and received inaccurate wage statements. (*Ibid.*) Defendant refutes these contentions, claiming, for example, the rounding policy is a lawful "grace period."  (*Ibid.*)

Plaintiff also took into account the fact that continued litigation would be expensive, time-consuming and uncertain proposition, involving a trial and possible appeals, and would delay any recovery to the State and the Aggrieved Employees. (*Id.* ¶18.)  There is also a substantial risk that the Court would reduce the award even if Plaintiff is successful. (*Id.*)

Additionally, the law under PAGA is continually developing. For example, the Supreme Court recently granted review in *Naranjo v. Spectrum Security Services, Inc.,* 40 Cal.App.5th 444 (2019), review granted (Jan. 2, 2020) 257 Cal.Rptr.3d 18, 455 P.3d 704, which held that accrued but unpaid meal break premium wages do not give rise to penalties for inaccurate wage statements or penalties for failure to pay all wages upon termination.  (Matern Decl. ¶18.)  In contrast, if the Court approves the Settlement, the Aggrieved Employees will

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

10

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

1   receive timely relief and avoid the risk of an unfavorable judgment and possible

2   appeals.  (*Id.* ¶19.)

3       Thus, when the risks of litigation, the burdens of proof necessary to establish

4   liability, and the probability of appeal of a favorable judgment are considered, it is

5   clear that the Settlement is reasonable and in the best interest of the State and the

6   public.  (*Id.* ¶20.)  The Settlement therefore accomplishes PAGA's objectives by

7   imposing sufficient civil penalties "to punish and deter" Defendants from future

8   alleged Labor Code violations, while also ensuring that the penalties are not

9   "unjust, arbitrary and oppressive, or confiscatory."  Cal. Lab. Code, § 2699(e)(2);

10  *Iskanian,* 59 Cal.4th at 384.

11      **C.**    **PAGA Counsel's Requested Fees And Costs Are Reasonable.**

12      PAGA Counsel is entitled to reasonable attorneys' fees pursuant to California

13  Labor Code section 2699(g)(1) which provides that "[a]ny employee who prevails

14  in any action shall be entitled to an award of reasonable attorney's fees and costs."

15  Cal. Lab. Code, § 2699(g)(1); see also *Gouskos v. Aptos Village Garage, Inc.,* 94

16  Cal.App.4th 754, 765 (2001) (holding that attorneys' fees to prevailing party are

17  mandatory when the statute uses the word "shall").  Additionally, PAGA Counsel is

18  entitled to fees based on the contingent agreement with its client. It is undisputed

19  that Plaintiff is the prevailing party.  *See Graciano v. Robinson Ford Sales, Inc.,*

20  144 Cal.App.4th 140, 153 (2006) ("[P]laintiffs may be considered 'prevailing

21  parties' for attorney's fee purposes if they succeed on any significant issue in the

22  litigation that achieves some of the benefit the parties sought in bringing suit."

23  (internal citation omitted)).

24      Accordingly, Plaintiff is entitled to recover attorneys' fees and costs.  The

25  requested fees of up to $186,666.67, one-third of the MSA, are reasonable, as they

26  are well-within the range of fees generally sought and approved in other class and

27  representative cases and are also reasonable based on PAGA Counsel's lodestar

28  times a modest multiplier and well as based on the benefits conferred on the State

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

11

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

of California and the Aggrieved Employees.  (Matern Decl. ¶¶28-39.)

### 1. The Requested Fees are Reasonable and in Line with Similar Settlements Approved by California Courts.

The percentage of attorneys' fees set forth in the Stipulation, i.e. one-third of the MSA, is reasonable.  Historically, courts have awarded percentage fees in the range of 20% to 50% in collective actions, depending on the circumstances of the case.  Newberg on Class Actions, 4th Ed. 2002, § 14:6.  Furthermore, California and federal courts have long recognized that a percentage of recovery for attorneys' fees is properly awarded on the basis of the total recovery.  *Boeing v. Van Gemert,* (1980) 444 U.S. 472, 480-481; *see also In re Consumer Privacy Cases,* 175 Cal.App.4th 545, 558, fn.13 (2009) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around *one-third* of the recovery") (emphasis added).

Here, the requested fee is consistent with the fees awarded in other PAGA settlements approved by California courts. See, e.g., *Ortiz v. Morgan Stanley Smith Barney, LLC,* San Francisco County Superior Court, Case No. CGC-17-560139 (awarding attorneys' fees of one-third under percentage method); *Chavez v. Saticoy Lemon Ass'n Case No.* 56-2015-00468600-CU-OE-VTA, 2015 WL 5561118, Ventura County Superior Court Aug. 29, 2015) (approving attorneys' fees of one-third of PAGA settlement fund); *Tocci v. Yard House Northridge LLC,* Los Angeles County Superior Court Case No. BC625604 (same); *Jozami v. Twilio Inc.,* San Francisco County Superior Court Case No. CGC-18-566356 (same);

The requested fee percentage is less than that charged by MLG for other employment cases.  (Matern Decl. ¶31.)  Moreover, MLG invested time and resources into the action, with payment deferred to the end of the case – over two years by the time this motion is heard – and entirely contingent on the outcome. (*Ibid.*)  It has been a long-recognized principle that an attorney merits a significantly larger fee when the compensation is contingent, rather than being

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

12

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

1  fixed on a time or contractual basis. *Vizcaino v. Microsoft Corp.,* 648 F.3d 1043,

2  1048-51 (9th Cir. 2002). During the period that the action had been pending, MLG

3  has not received any compensation for prosecuting the action on behalf of the State,

4  Plaintiff and other Aggrieved Employees. (Matern Decl. ¶31.)

5       The significant outlay of monetary and personnel resources has been

6  completely at risk and wholly dependent upon obtaining a substantial settlement or

7  the imposition of civil penalties at trial. (*Ibid.*) MLG should not be penalized with

8  a lower fee for settling the case prior to trial, because the percentage of the fund

9  method "encourages early settlement, which avoids protracted litigation." *Laffitte*

10  *v. Robert Half Int'l,* 1 Cal.5th 480, 489 (2016). Thus, the requested award of

11  attorneys' fees is reasonable under the percentage of the fund method.

12       **2. The Requested Fees are Also Reasonable Under a Lodestar**

13         **Crosscheck.**

14       To measure reasonableness, the Court may cross-check the percentage of

15  recovery against MLG's lodestar. *Laffitte*, 1 Cal.5th at 506; *see Privacy Cases*, 175

16  Cal.App.4th at 556-58. MLG's total lodestar is $162,587.50 based upon a total of

17  182.60 attorney hours at customary hourly rates. (Matern Decl. ¶¶29, 37.)

18       Multipliers are commonly awarded in cases accepted on a contingent basis.

19  *Ketchum v. Moses,* 24 Cal.4th 1122, 1133 (2001) (contingent risk multipliers

20  applied to attract attorneys to cases of significant societal importance and "to

21  compensate them for the risk of loss generally in contingency cases *as a class*.");

22  *Krumme v. Mercury Ins. Co.,* 123 Cal.App.4th 924, 947 (2004) (any one factor

23  may justify the application of a multiplier).

24       Indeed, it is virtually impossible to bring a plaintiff's counsel's compensation

25  "into line with incentives they have to undertake claims for which they are paid on a

26  fee-for-services basis" unless a premium (i.e., a multiplier) is provided. *Ketchum,*

27  24 Cal.4th at 1132. "Multipliers can range from two to four or even higher".

28  *Wershba v. Apple Computer, Inc.,* 91 Cal.App.4th 224, 254 (2001), disapproved on

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

13

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

1    another ground in *Hernandez Restoration Hardware, Inc.,* 4 Cal.5th 260, 273-74,

2    fn. 4 (2018).

3         MLG has been representing Plaintiff for over two years (by the hearing date

4    of this motion), while never receiving any compensation, and expending significant

5    time and resources which could have been directed towards other cases. (*Id.* ¶31.)

6    In agreeing to litigate this case on a contingent fee basis, MLG assumed

7    considerable risk given the uncertain outcome of PAGA actions. (*Id.* ¶18.)

8         Additionally, Plaintiff's recovery for the State and the Aggrieved Employees

9    exceeds other PAGA awards approved by California courts. See, e.g., *Boyd v. Bank*

10   *of Am. Corp.* (C.D. Cal. No. 18, 2014) 2014 WL6473804 (approving $18,750

11   PAGA payment); *Penaloza v PPG Industries Inc.* (Cal.Super. May 20, 2013) No.

12   BC471369, 2013 WL 2917624, at *2 (average PAGA penalties of $7.49); *Cabrera*

13   *v Advantage Sale & Marketing, LLC* (Cal.Super. Mar. 12, 2013) No. BC485259,

14   2013 WL 1182822 (average PAGA penalties of $3.33).

15        A modest 1.15 multiplier is appropriate given the contingent risk incurred by

16   MLG, the substantial benefit conferred on the State as a result of the Settlement and

17   the delay in payment. (Matern Decl. ¶36.) Accordingly, Plaintiff's fee request for

18   $186,666.67 in attorneys' fees is reasonable under the percentage model is

19   consistent with a lodestar crosscheck and multiplier awards in other cases.

20        **3.  PAGA Counsel's Hours Are Reasonable.**

21        In determining whether the number of hours expended on the litigation was

22   reasonable, the court must determine that "the time spent was reasonably necessary

23   and that [] counsel made 'a good faith effort to exclude from the fee request hours

24   that are excessive, redundant, or otherwise unnecessary." *Jordan v. Multnomah*

25   *County,* 815 F.2d 1258, 1263, fn. 8 (9th Cir. 1987).  The court "should defer to the

26   winning lawyer's professional judgment as to how much time he was required to

27   spend on the case." *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir.

28   2008) (noting that "[l]awyers are not likely to spend unnecessary time on

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

14

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee."). "Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records" (citations omitted). *Martino v. Denevi,* 182 Cal.App.3d 553, 559 (1986); see also *Wershba,* 91 Cal.App.4th at 255 ("California permits fee awards in the absence of detailed time sheets"); *Laffitte,* 1 Cal.5th at 505 (trial court properly exercised its discretion to perform the lodestar cross-check "using counsel declarations summarizing overall time spent rather than demanding and scrutinizing daily time sheets in which the work performed was broken down by individual task").

MLG has spent 182.60 hours litigating this action to bring it to resolution, not including staff time (past and future) and further attorney time which will be expended monitoring the administration of the Settlement and distribution of the funds to Aggrieved Employees and responding to inquiries from Aggrieved Employees. (Matern Decl. ¶¶29-30.) MLG also bears the risk of taking whatever actions are necessary if Defendants fail to pay. (*Id.* ¶30.)

The efforts expended by MLG to achieve this result include, but are not limited to: interviewing Plaintiff; investigating and researching Plaintiff's claims and Defendants' anticipated defenses; drafting the Complaints; propounding written discovery; reviewing and analyzing Defendants' responses; preparing Plaintiff for her deposition and attending the deposition; obtaining a sampling of the Aggrieved Employees' time and payroll records; retaining and consulting with a statistician to analyze the time and payroll sampling; preparing the mediation brief; attending a full-day mediation; meeting and conferring with Defendants' counsel on discovery, settlement and other issues; numerous discussions with Plaintiff; attending court hearings; drafting, negotiating, and revising the Stipulation and related documents; researching and drafting this motion and supporting papers; and communicating with Defendants' counsel and CPT regarding the terms of the Settlement. (Matern

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

15

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

Decl. ¶32.)

Thus, the Court should find that MLG's hours were necessary and reasonable to achieve the excellent result.

### 4.  PAGA Counsel's Hourly Rates Are Reasonable.

The reasonable hourly rate is that prevailing in the community for similar work.  *PLCM Group, Inc. v. Drexler,* 22 Cal.4th 1084, 1095 (2000).  "[I]n assessing a reasonable hourly rate, the trial court is allowed to consider the attorney's skill as reflected in the quality of work, as well as the attorney's reputation and status."  *MBNA American Bank, N.A. v. Gorman*, 147 Cal.App.4th 1, 3 (2006).  The trial court may also "find hourly rates reasonable based on evidence of other courts approving similar rates."  *Parkinson v. Hyundai Motor America*, 796 F.Supp.2d 1160, 1172 (C.D. Cal. 2010).

The current prevailing billing rates in the Northern California area range from $350 to $2,100 per hour.  (Matern Decl. ¶39.)  PAGA Counsel are experienced litigators who specialize in employment law, with a substantial wage and hour class action practice.  (Matern Decl. ¶¶21-27.)  Numerous federal and state courts have approved MLG's hourly rates.  (*Id.* ¶37.) Given MLG's skill and experience and the excellent result achieved for the State and other Aggrieved Employees, the requested rates are reasonable.

### 5.  PAGA Counsel's Litigation Expenses Are Reasonable.

The Settlement provides for reimbursement of PAGA's Counsel's litigation costs up to $16,000.00.  (Ex. 1, ¶12.)  MLG will have incurred a total of $15,323.90 in costs -- less than the maximum allowed under the Stipulation. (Matern Decl. ¶40.)  Because these costs are reasonable, MLG requests that the Court approve them.

### 6.  CPT's Costs Are Reasonable.

CPTs costs of $4,250.00 are reasonable, given the tasks to be performed by the Settlement Administrator, including but not limited to printing, distributing and

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

16

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

1    tracking documents; mailing and re-mailing (if necessary) checks to Aggrieved

2    Employees and the LWDA; calculating the Individual Settlement Payments for the

3    Aggrieved Employees; submitting to Aggrieved Employees and government

4    entities all appropriate tax forms; distributing the MSA; voiding uncashed or

5    undeliverable checks to issue those funds to the California State Controller's

6    Office; and providing an accounting. (Ex. 1, ¶¶28 a.-c., 39-44, 46, 47.)  The

7    Settlement Administrator's costs should be approved.

8         **D.    Dismissal of the Class Claims Is Non-Collusive And Notice To The**

9              **Absent Class Members is Unnecessary.**

10        In *Diaz v. Trust Territory of Pacific Islands,* 876 F.2d 1401, 1408 (9th Cir.

11   1989), the Court listed three factors that must be considered in determining whether

12   notice must be disseminated under Rule 23(e) before the voluntary dismissal of a

13   putative class action where no class has been certified:

14        (1) Putative class members' possible reliance on the filing of the action if

15   they are likely to know of it through publicity or other circumstances;

16        (2) Putative class members' lack of time to file other actions because of a

17   rapidly approaching statute of limitations; and

18        (3) Any settlement or concession of class interests made by the class

19   representative or counsel to further their own interests.

20        Although *Diaz* was decided before Rule 23(e) was amended to apply only to

21   certified cases, "courts continue to require assessment of the factors set forth

22   in *Diaz*."  *Rodriguez v. Nationwide Mut. Ins. Co.,* No. 816CV02217JLSDFM, 2017

23   WL 7803796, at *1 (C.D. Cal. Nov. 16, 2017).  In two recent cases, the district

24   courts dismissed putative class claims under circumstances similar to those in this

25   case.  *Rodriguez,* 2017 WL 7803796, at *3-4 (finding that all *Diaz* factors favor

26   dismissal of plaintiff's class claims without prejudice; no notice to putative class

27   members required); *Vargas v. Cent. Freight Lines, Inc.,* No. 16-CV-00507-JLB,

28

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

17

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

2017 WL 4271893, at *4-5 (S.D. Cal. Sept. 25, 2017) ("risk of prejudice is too small to require class notice of the pre-certification voluntary dismissal.").

Here, the *Diaz* factors dictate the same result for the following reasons:

(1) There has been no media attention or other circumstances suggesting that putative class members have relied on the filing of this action. (Matern Decl. ¶43.)

(2) There is adequate time for class members to file other actions. The applicable statutes of limitation have been suspended as to all putative class members during the pendency of the class action allegations in this case. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("We are convinced that the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.").

(3)    Plaintiff has agreed to release and dismiss *with prejudice* her individual class claims against Defendants prior to the effective date of the Settlement, but the claims filed on behalf of putative class members will be dismissed *without prejudice*. (Ex. 1, ¶36; Matern Decl.¶15.) Unless a "stipulation states otherwise, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). Consequently, absent class members are free to pursue their individual claims. *China Agritech, Inc. v. Resh,* 138 S. Ct. 1800, 1802, 201 L. Ed. 2d 123 (2018) (holding that "*American Pipe* tolls the statute of limitations during the pendency of a putative class action, allowing unnamed class members to join the action individually or *file individual claims* if the class fails", emphasis added).

Additionally, the class claims were not pursued because the vast majority of putative class members had signed arbitration agreements which nullified the class claims. (Matern Decl. ¶15.) Furthermore, the Settlement is the result of a full-day mediation with an experienced mediator and member of the California State Bar which also indicates that the dismissal is not collusive. (Matern Decl.¶12.) *Vargas,*

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

18

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR

2017 WL 4271893, at *5.  Because the putative class members would not be prejudiced by the dismissal, notice of the Settlement is unnecessary.  *Rodriguez,* 2017 WL 7803796, at *4; *Vargas,* 2017 WL4271893, at *5.

V.   **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court approve the Settlement in its entirety.

Respectfully submitted,

DATED: November 20, 2020          **MATERN LAW GROUP, PC**

By:   */s/ Mikael H. Stahle*
MATTHEW J. MATERN
MIKAEL STAHLE
Attorneys for Plaintiff
MIKKIE BODDIE, individually and on
behalf of all others similarly situated

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

19

PLAINTIFF'S MOTION TO APPROVE
REPRESENTATITVE ACTION SETTLEMENT
CASE NO: 4:19-CV-03044-DMR